

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:01-CR-134 |
| | § | |
| CARL JAMES SANDERSON | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Carl Sanderson violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release

The Court conducted a hearing on April 26, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On April 10, 2002, The Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced Mr. Sanderson after he pled guilty to the offense of possession with intent to distribute 50 grams or more of crack cocaine, a Class A felony. Judge Heartfield sentenced the defendant to 120 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, the defendant shall not have contact with any codefendant in this case; and a $100 special assessment. On October 16, 2009, Carl James Sanderson completed his period of imprisonment and began

service of the supervision term.

   B.  **Allegations in Petition**

The United States alleges that Defendant violated the following standard condition of supervised release:

*The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.*

Specifically, on June 4, 2010, Mr. Sanderson was laid off from his employment and did not report said change of employment until July 1, 2010.

   C.  **Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. If the case proceeded to a contested hearing, the Government would offer testimony establishing that as a condition of his supervised release, the defendant was required to notify his probation officer ten days prior to any change in employment. The Government would also offer testimony from a United States Probation Officer who would confirm that while Sanderson was under supervision, he was laid off from his employment on June 4, 2010, but he did not report this change in employment to his probation officer until July 1, 2010.

Defendant, Carl James Sanderson, offered a plea of true to the allegations. Specifically, Mr. Sanderson agreed with the evidence presented and pled true to the allegation that he failed to timely notify his probation officer that he was laid off in violation of his supervision conditions.

   D.  **Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a standard condition of his supervised release by failing to timely notify his probation officer that he was laid off from his employment.

If the Court finds that Mr. Sanderson violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five years, less any time the defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by failing to timely notify the probation officer of his change in employment. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Carl Sanderson, to serve a term of **seven (7) months imprisonment**, with no further supervision term upon his release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 27th day of April, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE